**WILSON TURNER KOSMO LLP**
JENNIFER C. ARNOLD (253065)
JONNA D. LOTHYAN (298650)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: jarnold@wilsonturnerkosmo.com
E-mail: jlothyan@wilsonturnerkosmo.com

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN WON BAEK HA, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC, a California Corporation; and DOES 1 - 50, inclusive,<br><br>    Defendants. | Case No.<br><br>**DEFENDANT BMW OF NORTH AMERICA, LLC'S REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>Complaint Filed:  February 16, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant BMW of North America, LLC ("BMW NA") hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. Sections 1332 (diversity jurisdiction), 1441(a), and 1446.  BMW NA sets forth the following facts in support of its Notice of Removal:

///

///

///

///

DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL

**REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION**

**A.      Procedural and Factual Background**

1.      On February 16, 2022, Plaintiff Dean Won Baek Ha ("Plaintiff") filed a civil action in the Superior Court of the State of California, County of Los Angeles, entitled *Dean Won Baek Ha v. BMW of North America, LLC*, Case No. 22TRCV00118 (the "Complaint").  Plaintiff's Summons and Complaint are attached as **Exhibit A** to the Declaration of Jonna D. Lothyan, filed concurrently herewith.

2.      The Complaint alleges breach of warranty claims under the Song-Beverly Consumer Warranty Act ("Song-Beverly").  Plaintiff's causes of action stem from Plaintiff's lease of a new 2019 BMW 530E, VIN WBAJA9C51KB389748 (the "Subject Vehicle") on December 15, 2018.  (Lothyan Dec., ¶ 2, 6, Exh. A, Exh. C.)

3.      On February 25, 2022, Plaintiff personally served BMW NA through its agent for service of process.  (Lothyan Decl., ¶ 3.) On March 25, 2022, BMW NA timely filed and served its Answer to the Complaint in Los Angeles County Superior Court. (Lothyan Decl., ¶ 3, Exh. B.)

4.      The Complaint does not allege the total amount in controversy. (Lothyan Decl., ¶ 2, *See generally*, Exh. A, Compl.)   However, Plaintiff's Complaint does demand certain damages sought to be recovered in this action. Plaintiff seeks reimbursement of the purchase price paid for the Subject Vehicle, rescission of the lease agreement, restitution damages, incidental and consequential damages. (*Id*., Exh. A, Compl., at ¶¶ 28-29, Prayer, p. 6.) Additionally, Plaintiff seeks a civil penalty, pursuant to Civil Code section 1794, subdivision (c). (*Id*., Exh. A, Compl., at ¶ 31, Prayer, p. 6.)

5.      The Motor Vehicle Lease Agreement (Closed End) - California ("Lease Agreement") for the Subject Vehicle notes that the total amount of payments for the Subject Vehicle were $27,077.20 and the agreed upon value of the Subject Vehicle was $48,834.66. (Lothyan Decl., ¶ 6-7, Exh. C.)

6.     According to Plaintiff's Lease Agreement and Complaint, Plaintiff seeks at least $81,231.60, which includes Plaintiff's claimed damages in the amount Plaintiff paid for the Subject Vehicle, which was $27,077.20 and a maximum two-time civil penalty. (Lothyan Decl., ¶ 2, Exh A, Compl., ¶¶ 28-29, 31, Prayer, p. 6 and Lothyan Decl., ¶ 6-8, Exh. C.) Plaintiff's claimed damages of at least $81,231.60 does not include Plaintiff's demand for "attorneys' fees and costs of suit reasonably incurred in connection with the commencement and prosecution of this action. (Lothyan Decl., ¶ 7-8, Exh. A, Compl., ¶ 30, Prayer, p. 6.)

7.     This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1332, and may be removed to this Court by BMW NA pursuant to 28 U.S.C. § 1441(a), because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8.     As set forth below, complete diversity exists between Plaintiff and the named defendant, BMW NA.

9.     Upon information and belief, at the time of the filing of the Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California. Plaintiff alleges he is an individual residing in Los Angeles County, State of California. (Lothyan Decl., ¶ 2, Compl., ¶ 1.) Plaintiff's residence is prima facie evidence that he is domiciled in California for purposes of residency.  See, e.g., *State Farm v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); *Barrera v. W. United Ins. Co.*, 567 F.App'x 491, 492 n.1 (9th Cir. 2014); *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

10.     BMW NA is the only named defendant. The Complaint also names Does. (*See* Lothyan Decl., Ex. A.) But citizenship for these unnamed defendants is disregarded for purposes of removal.  *See* 28 U.S.C. § 1441(a).

11.     BMW NA is a limited liability company. For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its

DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL

members. See *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state in which its owners/members are citizens.").

12.    BMW NA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey. BMW NA was not and is not organized under the laws of the State of California, wherein this action was brought. (Lothyan Decl. ¶ 4.)  The sole member of BMW NA is BMW (US) Holding Corp., which was and still is organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey, and was not and is not organized under the laws of the State of California, wherein this action was brought. (*Id.*)  Thus, BMW (US) Holding Corp. and BMW NA are citizens of Delaware and New Jersey.  *See* 28 U.S.C. § 1332(c)(1) (instructing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

13.    While Plaintiff alleges that BMW NA is doing business in the State of California, Plaintiff's failure to plead BMW NA's accurate citizenship is not grounds for denying or delaying removal jurisdiction. *KDY, Inc. v. Hydroslotter Corp.*, 2008 WL 4938281 (N.D. Cal. 2008).  BMW NA is not a citizen of the State of California. (Lothyan Decl. ¶ 4.)

14.    The U.S. Supreme Court has held that a corporation's "principal place of business" under the federal diversity jurisdiction statute, 28 U.S.C. Section 1332 (c)(l), refers to a corporation's "nerve center" or "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010). The Supreme Court noted that "in practice[,]" the nerve center will "normally be the place where the corporation maintains its headquarters." *Id*. at 1192.

DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL

15.     Accordingly, for purposes of diversity, BMW NA is a citizen of Delaware (its state of incorporation) as well as New Jersey (its principal place of business). Complete diversity therefore exists between the parties because only Plaintiff is a California citizen.

### THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

16.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

17.     The Complaint does not state the total amount in controversy, but does seek restitution in an amount equal to the actual price paid or payable by Plaintiff for the Subject Vehicle, which was $27,077.20. (Lothyan Decl., Exh. A, Compl. at ¶¶ 28-29, Prayer, p. 6; Lothyan ¶ 6, Exh. C, Lease Agreement.) Additionally, Plaintiff seeks a civil penalty, pursuant to Civil Code section 1794(c). (*Id*., Exh. A, Compl., at ¶¶ 31, Prayer, p. 6.)

18.     Plaintiff's Complaint therefore seeks at least $81,231.60 in damages, before considering Plaintiff's demand for attorneys' fees and costs. (Lothyan Decl., ¶ 2, Exh. A, Compl., ¶ 28-31, Prayer, p. 6; Lothyan Decl., ¶¶ 6-8, Exh. C, Lease Agreement.) The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive the Court of jurisdiction.  Absent the facial showing from the complaint, the Court may consider facts averred in the removal petition. *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (holding that plaintiff's damage claim, including lost wages, lost earning capacity, medical expenses, emotional distress, and attorney's fees, was enough to put the amount in controversy above $75,000).

19.     In determining whether a complaint meets the $75,000 threshold requirement to remove a matter to federal court based on diversity jurisdiction, *see* 28 U.S.C. Section 1332(a), a Court must consider the aggregate amount of all the claims, not the amount involved in each individual claim.  *See Campbell v. Hartford Life Ins.*

DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL

*Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint and, therefore, claims of single plaintiff are aggregated in order to satisfy amount in controversy).

20.    BMW NA disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, BMW NA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied.  *Id.*

21.    Plaintiff alleges breach of warranties under Song-Beverly.  Plaintiff seeks monetary damages and civil penalties. (*See* Lothyan Decl., Exh. A.) Specifically, Plaintiff alleges the Subject Vehicle developed defects and BMW NA was unable to conform the vehicle to the applicable warranties.  (*See* Lothyan Decl., ¶ 2, Exh. A, Compl. at ¶¶ 21-23, 33-37.)  Based on the allegations, Plaintiff is seeking a statutory repurchase in addition to civil penalties and other damages. (*See generally*, Lothyan Decl., ¶ 2, Exh. A, Compl.)

22.    Song-Beverly provides for restitution, which is the "amount equal to the actual price paid or payable by the buyer . . . and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer."  Cal. Civ. Code § 1793.2(d)(2)(B).

23.    Based on Plaintiff's Lease Agreement, a statutory repurchase—not including attorneys' fees, costs, and possible consequential damages—would be $27,077.20. (Lothyan Decl. at ¶ 6-8; Exh. C, Lease Agreement.)  Similarly, based on the Lease Agreement, Plaintiff's alleged actual damages are at least $81,231.60. (Lothyan Decl., ¶ 6, Exh. C.)

DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL

24.     Song-Beverly further provides for civil penalty damages. *See* Cal. Civ. Code § 1794(c).  The civil penalty can be a maximum of two times the amount of Plaintiff's actual damages. *Id*.  Such damages are properly included in the calculation of the amount in controversy in this action. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d. 1004, 1009 (N.D. Cal. 2002) (holding that "there is good reason to include the Song–Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy.")  Here, Plaintiff seeks a civil penalty.  (*See* Lothyan Decl., ¶ 2, Exh. A, Compl., ¶ 31, Prayer, p. 6.)  Accordingly, based on the amount of Plaintiff's alleged actual damages (at least $27,077.20), the maximum civil penalty in this case would be approximately $54,154.40.  (Lothyan Decl. at ¶ 6, Exh. C.)

25.     Song-Beverly also allows for the recovery of attorney's fees.  *See* Cal. Civ. Code § 1794(d).  Reasonable estimates of attorney's fees are also included in the calculation.  *Id.* at 1011; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."].)  Additionally, the Courts have determined that future attorney's fees—not just attorney's fees as of the date of removal—are included when calculating a reasonable estimate of a plaintiff's attorney's fees. *See Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

26.     Plaintiff seeks actual attorney's fees, reasonably incurred, in addition to the damages set forth above. (*See* Lothyan Decl., ¶ 2, Exh. A, Compl., ¶ 30, Prayer, p. 6.)  In warranty matters, similar to this case, plaintiff's counsel routinely seek attorney's fee awards based on an hourly fee of $500, and the total amount of attorney's fees in warranty matters brought pursuant to Song-Beverly regularly exceed $15,000.  (Lothyan Decl. ¶¶ 9-10.)

27.     Based on the costs associated with Plaintiff's lease of the Subject Vehicle as stated in the Lease Agreement coupled with his civil penalty demand, if Plaintiff

DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL

were to prevail on his claims under Song-Beverly he would be awarded statutory repurchase in the amount of approximately $27,077.20, and a civil penalty of up to $74,630.00. Furthermore, more likely than not, attorney's fees alone will far exceed $15,000. (*See* Lothyan Decl. at ¶ 10.)  Based on the cost of the Subject Vehicle reflected in the Lease Agreement and corroborated by Plaintiff's Complaint, Plaintiff's damages would easily surpass the $75,000 requirement. (*See* Lothyan Decl. ¶¶ 6-11.) The amount in controversy requirement is therefore satisfied.

<u>**THE OTHER REQUIREMENTS OF REMOVAL ARE MET**</u>

28.    This Notice of Removal is being filed within thirty (30) days after service on BMW NA of the Complaint in this action. (*See* Lothyan Decl. ¶ 3.)  Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

29.    This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely under 28 U.S.C. Section 1446(c). (See Lothyan Decl. ¶ 2.)

30.    Removal to this Court is proper as the Superior Court of the State of California, County of Los Angeles, where this action was originally filed, is located within this district. Thus, venue is proper under 28 U.S.C. Section 84 because this is the "district and division within which such action is pending."  *See* 28 U.S.C. § 1446(a).

31.    A true and correct copy of all other process, pleadings, and orders served in this action at the time of the removal and known to BMW NA are attached as Exhibit A-B to the Declaration of Jonna D. Lothyan.  Pursuant to 28 U.S.C. Section 1446(a), and to the best of BMW NA's knowledge, Exhibits A and B constitute all the process, pleadings, and orders served in this action at the time of this removal.

32.    Counsel for BMW NA certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice to counsel for Plaintiff.

33.    If any question arises as to the propriety of the removal of this Action, BMW NA respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this case is removable.

For the forgoing reasons, BMW NA respectfully requests that this action be removed from the Superior Court of the State of California, for the County of Los Angeles, to this Court for all purposes, including trial.

Dated:    March 28. 2022                    **WILSON TURNER KOSMO LLP**

By:    */s/ Jonna D. Lothyan*
JENNIFER C. ARNOLD
JONNA D. LOTHYAN
Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL